UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **ROBERT JAMES GRANT**  **B.O.P. # 37730-177** | : | **DOCKET NO. 16-cv-47** |
| **VERSUS** | : | **JUDGE MINALDI** |
| **UNITED STATES** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Robert James Grant ("petitioner"). The petitioner is in the custody of the Federal Bureau of Prisons and is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana. This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims based on the petitioner's failure to prosecute or to comply with a court order. The district court also has the inherent authority to dismiss an action *sua sponte*. *Link v. Wabash R.R.Co.*, 82 S.Ct. 1386, 1388–89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 1388.

In this case, the petitioner was directed to amend his petition with response due by June 10, 2016. Doc. 7. He has not complied with that order, nor has he had any further correspondence with this court.

Therefore, **IT IS RECOMMENDED** that the instant petition be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of Federal Rules of Civil Procedure Rule 41(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by FED. R. CIV. P. 6(b), bars an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 7 September 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE

Therefore, **IT IS RECOMMENDED** that the instant petition be **DISMISSED WITHOUT PREJUDICE** in accordance with the provisions of Federal Rules of Civil Procedure Rule 41(b).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by FED. R. CIV. P. 6(b), bars an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 7 September 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE